UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | |
| CARLOS DELGADO-GOMEZ (17) | ) <br> ) | CRIMINAL NO. 05-342-10 (RCL) |
| JOSE HUGO ALVAREZ-LOZANO (15) | ) <br> ) | CRIMINAL NO. 05-342-15 (RCL) |
| Defendants. | ) <br> ) | |

FILED
FEB 0 5 2008
Clerk, U.S. District and Bankruptcy Courts

## ORDER OF DETENTION

Before the Court is the Government's motion [98] to detain the defendants without bond pending trial pursuant to 18 U.S.C. § 3142. This Court conducted a hearing on the matter on February 5, 2008. Upon consideration of the Government's motion, and the arguments and proffer of evidence introduced at the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendants or the safety of the community if the defendants were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the Government's motion is GRANTED as to these two defendants and the Court ORDERS that the defendants be detained without bond pending trial. In support of this ruling, the Court makes the following findings:

1. There is a presumption that the defendants should be detained because they have been charged by indictment with an offense for which the maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act. 18 U.S.C. § 3142(e).

2. Defendants do not live in the United States and do not have family members living in the United States. Defendants' lack of ties to the United States and their personal characteristics support the conclusion that they are risks of flight if released. 18 U.S.C. § 3142(g)(3)(A); *see United States v. Vargas*, 804 F.2d 157, 163–64 (1st Cir. 1986) (holding that detention was proper where defendant was a Chilean national and lacked ties to the United States).

3. The defendants are a danger to the community in general as a result of their alleged drug trafficking activities. The size and scope of the drug trafficking enterprise alleged in this case, as well as the defendants' allegedly significant role in that enterprise, make the risk to the community especially acute.

4. The defendants have not rebutted the presumption contained in the Bail Reform Act and accordingly no condition or combination of conditions will reasonably assure the appearance of the defendants at trial. *See* 18 U.S.C. § 3142(e).

5. In making these findings, the Court has assessed the weight of the evidence against defendants. 18 U.S.C. § 3142(g)(2). The evidence against defendants includes court-ordered wiretap evidence, the testimony of witnesses, and/or a seized vessel and its contents. This evidence also causes the Court to take note of the nature and seriousness of the charged crime, 18 U.S.C. § 3142(g)(1), which involves large-scale trafficking of a controlled substance. The seriousness of the charged offense is an indication of the degree of flight risk involved, and also points to the serious risk to the community that defendants might pose if released on bond.

6. The defendants shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons

awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2).

7.  The defendants shall be afforded reasonable opportunity for private consultation with counsel. 18 U.S.C. § 3142(i)(3).

SO ORDERED.

_____          _____
United States District Judge Royce C. Lamberth          Date

Case 1:05-cr-00342-RCL     Document 103     Filed 02/05/2008     Page 4 of 4