# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Case Number: 05-CR-0342 RCL |
| JESUS MURILLO LENIS, | : | |
| Defendant. | : | |

## MOTION TO COMPEL DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANTS, WITNESSES AND COOPERATING CRIMINALS

COMES NOW THE DEFENDANT, JESUS ANTONIO MURILLO-LENIS pursuant to Fed.R.Crim.P. 12(d)2 and 16, through his court appointed attorney, Anthony D. Martin, and requests an order requiring the United States Attorney to provide discovery for reasons set forth below.

*Procedural Posture*

The Defendant was indicted on November 14th, 2005, in a multiple count, multiple defendant case. The case was declared extended and complex by the court due in part to extra-territorial application of United States Laws and foreign language complications. A superseding indictment was filed on January 3rd, 2006. A second superseding indictment was filed on April 18th, 2006. A third superseding indictment was fled on May 6th, 2008. Counsel was first contacted by the Federal Public Defender on July 9th, 2008 to represent Mr. MURILLO- LENIS and his appearance was entered on July 21st, 2008. No special scheduling order was set with respect to defendant MURILLO-LENIS. The trial is scheduled to begin on October 1st, 2008.

*Argument*

I. **The Defense is Entitled to Know of the Existence of any Benefits in Whatever Form, That May Have Been Provided to Confidential Informants As a Reward or Inducement to Them to Provide Information.**

Although a substantial amount of discovery has been provided at this time, it tends to point to possible wrongdoing on the part of others. As a result, Mr. MURILLO-LENIS still is not clear as to what if anything he is alleged to have done wrong. This is true notwithstanding the fact that the government has provided the defense with a number of recorded conversations that they allege to be discussions related to drug trafficking. The defense believes that there is no credible evidence to prove that point. Hence, based on the experience of counsel it appears that the government intends to rely on one or more cooperating criminals (more commonly known as a snitches) to make its case. These cooperating criminals are often released or made implicit promises after being charged and are required to act as agents or special employees of the government under the terms of their plea agreements.

Although required to release records of any benefits or promises made to these confidential informants, it is counsel's experience that investigating agents sometimes fail to advise government trial counsel of records of payments, benefits or promises made to or on behalf of cooperating criminals or their family members. As a result, even the most scrupulous government trial counsel may unwittingly fail to provide critical evidence to the defense, simply because s/he is unaware of it. This request is made with the hope and expectation that government counsel will question the investigating agents regarding the items sought and provide them pursuant to the discovery agreement. Such information bears directly on the question of the credibility of these individuals and is absolutely essential to the defense of this case. However, the request for disclosure is not limited to cash remuneration.

This request should be understood as including a demand for production of the investigating agency's internal informant file. The undersigned understands that in the course of business, the

investigating agency and other law enforcement agencies typically maintain an informant file on each confidential informant employed by the agency. That file contains an assortment of information that is discoverable under *Brady* and its progeny. More specifically, that file should contain a copy of the informant's agreement to cooperate; a debriefing report or outline of the information that the informant can provide; the informant's personal and criminal history; the amounts of any money paid to him for information and expenses; and any promises regarding potential sentencing in a criminal case.

In addition to this information, the file may contain internal memoranda written by law enforcement agents regarding the informant's credibility. These memoranda may discuss the informant's misconduct and may specify the basis for the informant's deactivation. Hence, pursuant to *Fed.R.Crim.P.* 16, *United States v. Giglio,* 92 S.Ct 763 (1972); *Brady v. Maryland*, 373 US 83 (1963) and *Napue v. Illinois*, 79 S.Ct 1173 (1959). Mr.MURILLO-LENIS respectfully requests the court to order the government to disclose the following information:

1. The Confidential Source Establishment Report or any similar document wherein the terms of the relationship between the government and the informant; witness or cooperating witness is memorialized;

2. Any informant agreement outlining the type of cooperation expected from the informant; witness or cooperating criminal;

3. Any informant conduct agreement containing the rules which the informant must follow while working for law enforcement;

4. Any debriefing reports or statements taken from the informant;

5. The names of any and all reporting persons, informants, or witnesses providing information to law enforcement regarding this case. *Rovario v. United States,* 77 S.Ct. 623 (1957) (where informant's testimony is "relevant and helpful to the defense of an accused his

identity must be disclosed);

6. Any and all promises of payment written or oral made to such persons or their family members as part of this or any other case in which they have provided information;

7. All promises of any other benefit written or oral made to such persons or their family members;

8. All promises of immunity, leniency, preferential treatment or other inducements made to such persons a or any member of their family as part of this case or any other case in which they have provided information;

9. All writings or memoranda which contain any of the promises of remuneration, leniency, immunity, preferential treatment or other inducements made to such individuals or their family members;

10. Any record of payment of local, state or federal funds made to such persons or their family members;

11. Any and all receipts received by the government to support the claim by the informant for reimbursement for alleged expenditures and costs associated with his/her cooperation;

12. A total of the amount paid to the informant on this case and all other cases since they began acting in a special employee or informant status;

13. The tax records of the informant since they began receiving funds from the federal government for reimbursement or services rendered;

14. All information regarding any such person's prior testimony in this or any other proceeding in which they have acted as a witness and/or informant. *Johnson v. Brewer,* 521 F.2d 556 (8th Cir. 1975);

15. All evidence of such person's psychiatric treatment, if any, or of any addiction or

propensity to use or abuse controlled substances. *United States v. Lindstrom,* 698 f.2D 1154 (11[th,] Cir. 1983); *United States v. Fowler*, 465 F.2d 664 (DC Cir. 1972).

16. Any and all reports made by foreign military or law enforcement personnel relating to any of these informants; cooperators or members of their family.

17. Any and all notes of foreign military personnel and/or law enforcement personnel relating to any of these informants; cooperators or members of their family.

18. Any affidavits that were filed in support of the extradition request to the Columbian government. relating to any of these informants; cooperators or members of their family.

19. Any internal memorandum or notes from the Department of Justice International Law Division relating to any of these informants; cooperators or members of their family.

20. A copy of the charging document and any plea agreement reached with the informant and/or cooperator.

*Prayer*

WHEREFORE, Mr. MURILLO-LENIS respectfully requests an order directing the Government to reveal the informant's identity forthwith along with those items enumerated above.

**REQUEST FOR HEARING**

The Defendant respectfully requests a hearing on the motion to reveal the identity of government informant(s).

**POINTS AND AUTHORITIES**

1. Fed.R.Crim.P. 16;
2. *United States v. Giglio,* 92 S.Ct 763 (1972);
3. *Brady v. Maryland*, 373 US 83 (1963) and
4. *Napue v. Illinois*, 79 S.Ct 1173 (1959)

                          Respectfully submitted,

By: _____
      ANTHONY D. MARTIN, 362-537
      BELLE POINT OFFICE PARK
      7841 Belle Point Drive
      Greenbelt, MD 20770
      (301)220-3700; (301)220-0791 (fax)