UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                    )        CRIMINAL ACTION<br>)<br>CARLOS DELGADO-GOMEZ            )        NO. 05-CR-342-10 (RCL)<br>) | |

### DEFENDANT DELGADO GOMEZ'S PERFECTED MOTION TO DISMISS

NOW COMES Defendant CARLOS DELGADO-GOMEZ, by and through undersigned counsel, and moves this Court to dismiss all charges filed against him in this case.  Mr. Delgado-Gomez is separately seeking leave to adopt the following motions filed by other defendants:

1. Motion to Dismiss, filed by Defendant Gareth Daviton Lewis (Docket #112); and

2. Motion to Dismiss for Lack of Venue, filed by Defendant Perez-Rincon (Docket #181).

However, Defendant Lewis' motion seeks his dismissal from an earlier indictment in which he was charged in Counts One, Two and Six, while Defendant Perez-Rincon's motion seeks dismissal of Counts One and Three of the Third Superseding Indictment.  To clarify and perfect his motion, Mr. Delgado-Gomez submits that the arguments raised in these motions, which he is separately adopting, apply equally to all counts of the Third Superseding Indictment, and justify the dismissal of all counts with which Mr. Delgado-Gomez has been charged.  Accordingly, Mr. Delgado-Gomez files this perfected motion to clarify that he adopts all duplicity arguments and statutory and constitutional venue and vicinage arguments raised therein, and hereby expands those arguments to cover all of the charges filed against him (including Counts One, Two, Three, Five and Six of the Third Superseding Indictment), justifying his dismissal from this case.

In its response to Mr. Perez-Rincon's motion, the Government also recently asserted that "if Perez-Rincon has facts that undermine the Government's assertion of venue, he has the burden to raise them." Government's Opposition to Perez-Rincon's Motion to Dismiss (Docket #217), at 8. Accordingly, Mr. Delgado-Gomez also notes the following facts that may be pertinent to this motion. First, the Government has already acknowledged that it seized, aboard the MV Guayacan on January 22, 2006, a satellite phone with New York and Miami numbers in its memory. *See* Government's Motion to Exclude Time Under the Speedy Trial Act (Docket #110), at 6. Second, Mr. Delgado-Gomez notes that he first entered the United States at Miami, Florida, where he was held in custody overnight before being shipped into the District of Columbia, following his extradition from Colombia; as the Government notes, the Eleventh Circuit with jurisdiction over Miami has ruled, in construing an analogous statute, that a person "entered" a particular district when landed there in the custody of the United States Coast Guard. *See* Government's Opposition to Lewis' Motion to Dismiss (Docket # 133), at 13 note 3. Finally, in evaluating 18 U.S.C. § 3238's references to the "last known residence of the offender or of any one of two or more joint offenders," and those situations in which "no such residence is known" to the Government, Mr. Delgado-Gomez notes that co-defendant Gareth Daviton Lewis is a United States citizen, *see* Lewis' Preliminary Motion to Suppress Evidence (Docket #113), at 3 ("Defendant is a citizen of the United States"), and that co-defendant Gerardo Juan Eduardo Tobon-Rojas is a permanent legal resident, with a formal INS file. *See* Letter of Howard B. Katzoff, attached to Government's Motion to Stay Court Order Granting Defendant's Release (Docket #106-2) (citing INS Alien Registration Number A 30 339 558); Order Vacating Stay (Docket #124). Mr. Delgado-Gomez submits that the Government clearly had knowledge of a last known residence of at least some of his alleged joint offenders, and seeks related discovery.

The Government has already admitted in this case the "fact" that "venue may be appropriate in the Southern District of Florida." *See* Government's Opposition to Lewis' Motion to Dismiss (Docket #133), at 16. In light of this "fact," Mr. Delgado-Gomez's prosecution in the District of Columbia would violate both the statutory and constitutional venue requirements.[1]

WHEREFORE, Defendant Carlos Delgado-Gomez prays that this motion be granted.

Respectfully submitted,

/s/
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT DELGADO-GOMEZ'S PERFECTED MOTION TO DISMISS is being served upon the United States, through United States Department of Justice Trial Attorney Patrick Hearn, and on counsel for each of his co-defendants, through the Electronic Case Filing system. This 12th day of August, 2008.

/s/
Gregory S. Smith

---

[1] Mr. Delgado-Gomez also preserves an argument, for possible future appeal, concerning whether venue is appropriately decided by a court based on a mere "preponderance of the evidence" standard of proof. Mr. Delgado-Gomez acknowledges that this Court must apply that standard here, based on the D.C. Circuit's precedent of *United States v. Haire*, 371 F.3d 833 (D.C. Cir. 2004) (citing *United States v. Lam Kwong-Wah*, 924 F.2d 298 (D.C. Cir. 1991)), and other cases. Nevertheless, Mr. Delgado-Gomez notes that the U.S. Supreme Court has taken a more active role of late in categorizing issues (such as sentencing enhancements) as elements of a criminal offense, notwithstanding contrary circuit precedent and longstanding practice in many federal courts. Mr. Delgado-Gomez believes a good faith basis exists for arguing on appeal that the precedent in *Haire* and *Kwong-Wah* is no longer correct, and that venue constraints established by statute and enshrined in our constitution represent elements of a crime that the Government must prove to a jury's satisfaction, beyond a reasonable doubt.