UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>CARLOS DELGADO-GOMEZ              )<br>) | CRIMINAL ACTION<br><br>NO. 05-CR-342-10 (RCL) |

### DEFENDANT DELGADO GOMEZ'S MOTION TO
### RESCIND DECLARATION OF EXCLUDABLE TIME

NOW COMES Defendant CARLOS DELGADO-GOMEZ, by and through undersigned counsel, and moves this Court to rescind that portion of its Order of April 17, 2008 (Docket #142) which had granted the Government's Motion to Exclude Time Under the Speedy Trial Act (Docket #110). It is now apparent that representations made by the Government in that Motion, in an effort to obtain the Court's Order declaring excludable time, are inaccurate.

In its Motion to Exclude Time, the Government sought to avoid the normal Speedy Trial Act requirements of 18 U.S.C. § 3161 by obtaining a court order declaring this case complex. In an effort to obtain that relief, the Government made various representations to this Court that it would need extra time to obtain substantial information from Colombian and Jamaican law enforcement authorities, which would then need to be translated into English for production to the defense. For example, the Government described how certain:

> seizures resulted in [a] large number of reports, documents and evidence. In addition, **there is law enforcement surveillance by Colombian authorities in Colombia. The result is hundreds if not thousands of pages of documents. A large number of the documents are in Spanish and will necessitate translations into English.**

Motion to Exclude Time Under the Speedy Trial Act (Docket #110), at 10. The Government also specifically noted how its evidence being accumulated included foreign police reports:

1

> The investigation conducted in this case has generated hundreds of recorded phone conversations, **hundreds if not thousands of pages of both United States, Colombian and Jamaican police reports, as well as voluminous other physical and documentary evidence.** Many if not most of the documents are in Spanish.

*Id.* at 14 (emphasis added). In describing its plans "to obtain foreign evidence, foreign witnesses and foreign documents, which need to be translated," *id.* at 13, the Government cited substantial delays that would be necessary to perform this anticipated work required to make anticipated pretrial discovery productions. While these delays were occurring long after the case had been indicted, the Government assured the Court that the delays would ultimately benefit the defense as well, promoting the ends of justice:

> The discovery in this case will be time consuming and complicated by the fact [that] there are numerous calls to be reviewed and transcribed, foreign language translations, international drug seizure and foreign evidence. **All of the materials will have to be provided to and reviewed by defense counsel before decisions can be made about how to proceed with their clients' defenses, including whether to file pre-trial motions, whether to enter into plea negotiations and whether to proceed to trial.** Pre-trial motions may be based, in large part, upon the discovery provided by the government. **Defense counsel will have to review the substantial volume of evidence, including documents and records in order to determine what, if any, pre-trial motions are appropriate.**

*Id.* at 10 (emphasis added). *See also id.* at 11-12 ("Additional time will necessarily be required for the defense counsel to adequately prepare by reviewing the evidence, determining the appropriate motions to be filed, if any, and preparing for trial.")

After making these arguments and obtaining its desired declaration of excludable time, however, the Government's representations have drastically changed. In its latest Omnibus Response (Docket #216), the Government aggressively argues that it has no obligation at all to obtain notes and prior statements of government witnesses overseas, and claims that this Court

lacks the power to compel the Government to obtain such evidence. *Id.* at 7. The Government states that its production obligations are limited to witness statements that in the "possession" of the United States Government, and that it need not reach out to foreign agents who worked with the DEA collaboratively. *Id.* at 4, 5, 6 & 7. The Government refuses to make any law enforcement agents available or to disclose any prior witness statements pre-trial, *id.* at 9, and it claims that defense requests to obtain police reports and files are simply part of a "fishing expedition." *Id.* at 8. In fact, the Government now submits a blanket refusal to produce any of the statements, or even any of the names, of its anticipated law enforcement witnesses (even those not working undercover) before trial, suggesting that each and every one of these trained law enforcement agents would somehow face undue danger from a few weeks of early disclosure of their names, at a location often thousands of miles away.

Regardless of whether the Government's recent discovery positions are viable under the law, they are inherently inconsistent with the representations the Government made to this Court at the time it sought to obtain a declaration of complexity and an exclusion of time under the Speedy Trial Act. It appears that no surveillance evidence has been provided. The Colombian and Jamaican police reports and other foreign evidence was never translated or produced to the defense prior to their pretrial motions coming due. Instead, only a few days before the August 14, 2008 status conferences at which those defense pretrial motions are now scheduled to be discussed, the Government has declared that much of this evidence will never be produced, and that it will resist any efforts to compel such production.

Rather than the deliberative pretrial process that the Government assured the Court that the defense would receive if the Speedy Trial Act's statutory timelines were ordered relaxed – painting a picture of how "the ends of justice" would be promoted – we now see the Government

suggesting that even *Brady* and Rule 16 materials may not get produced to the defense until after the trial begins. *See* Government's Omnibus Response (Docket #216), at 14 ("*Brady* and its progeny do not create a 'general right to pretrial discovery' and instead simply require that disclosure be made 'in time for use at trial.'"); *id.* at 15 (arguing that Rule 16, despite no express exclusions, "should be read and applied with a limitation of reasonableness"; Government then describes disclosures it will plan to make on "the Thursday of the week before they testify").

Indeed, even the Government's transcripts of wiretapped calls have not yet been provided, despite a direct representation apparently made to this Court on June 12, 2008 by the Government, which apparently promised that the transcripts would be turned over to defendants no later than July 31, 2008. Nearly two weeks past that deadline, the defendants still have no such transcripts, with Mr. Delgado-Gomez's trial scheduled to begin in less than 50 days.

Representations directly made to a Court should not be meaningless. Perhaps the Government, in an ordinary case, might insist that it will produce nothing beyond the literal requirements of *Brady* and its progeny, Rule 16, and the Jencks Act. But the Government cannot make representations or paint descriptions in written filings to this Court of broader productions it anticipates making prior to the defendants' filing of pre-trial motions, as part of an effort to get a Speedy Trial Act waiver based on the complexity of anticipated discovery productions, and then (once its desired relief is obtained) fail to meet those deadlines and declare that its representations cannot be enforced because they exceed what the rules require. Because the Government appears unwilling or unable to provide the described discovery on the terms that it previously described to this Court, it is only appropriate for this Court to rescind the benefits it bestowed on the Government based on those representations.

4

The reasons given to this Court to obtain its decision to override the public's interest in a speedy trial in this case – that it would serve the ends of justice – were inaccurate. Rather than promoting justice, excluding this time has only promoted additional Government delays, with the defendants forced to sit in custody for several extra months, only to now be facing the same, upcoming prospect of trial by ambush, with discovery and needed Government translations still nowhere near complete. The representations made to the Court in support of the Government's Motion to Exclude Time Under the Speedy Trial Act were and are inaccurate, and have since been expressly repudiated. Accordingly, the relief the Government obtained as a result of those representations was unjust, and should be ordered rescinded, *nunc pro tunc*.

WHEREFORE, Defendant Carlos Delgado-Gomez submits that Part II of this Court's Order of April 17, 2008, entitled "Exclusion of Time Under the Speedy Trial Act," should be ordered stricken in its entirety, *nunc pro tunc*. The parties should be ordered to submit written briefs, due within 10 days, discussing whether the applicable time limits of the Speedy Trial Act, 18 U.S.C. § 3161, et seq., or other speedy trial requirements, have been exceeded in this case.

Respectfully submitted,

/s/
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT DELGADO-GOMEZ'S MOTION TO RESCIND DECLARATION OF EXCLUDABLE TIME is being served on counsel for the United States, Department of Justice Trial Attorney Patrick H. Hearn, Esq., and on counsel for the co-defendants, through the Electronic Case Filing system. This 12th day of August, 2008.

/s/
Gregory S. Smith