UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | |
| CARLOS DELGADO-GOMEZ ) | NO. 05-CR-342-10 (RCL) |
| ) | |

## **DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

NOW COMES Defendant CARLOS DELGADO-GOMEZ, by and through undersigned counsel, and moves this Court to schedule a formal evidentiary hearing on the question of the voluntariness of any statement Mr. Delgado-Gomez may have made to any government official or agent thereof, before allowing the introduction of any such statements at trial. An evidentiary hearing is necessary so that the circumstances of any such statements can be fully evaluated and adjudicated in advance of trial, and to avoid the prejudicial introduction of statements that are involuntary, obtained in contravention of *Miranda v. Arizona*, 384 U.S. 436 (1966), or in violation of 18 U.S.C. § 3501.

When the voluntariness of a statement is brought into question, due process requires that the trial judge determine the voluntariness of the confession outside the presence of the jury. *See Jackson v. Denno*, 378 U.S. 368 (1964). Title 18, U.S.C. § 3501(b) sets forth some of the factors a trial judge should consider in determining voluntariness:

> (b) the trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such

1

> defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to may any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.
>
> The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession."

In determining whether there has been a voluntary and intelligent waiver of a known right, the court must consider the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused. *United States v. Rodriguez-Gastelum*, 569 F.2d 482, 488 (9th Cir.), cert. denied, 436 U.S. 919 (1978); *David v. North Carolina*, 384 U.S. 737 (1966).

The government bears the burden of proof, by a preponderance of the evidence, that an inculpatory statement was voluntary made. *Lego v. Twomey*, 404 U.S. 477 (1972). To be admissible against a defendant, his statement must have been the product of a rational intellect and free will, *Townsend v. Sain*, 372 U.S. 293, 307-08 (1963); *Beecher v. Alabama*, 389 U.S. 35, 38 (1967) (per curium), and cannot have been obtained by any direct or implied promises, however slight, or by exertion of any improper influence. *Hutto v. Ross*, 429 U.S. 28, 30 (1967); *Bram v. United States*, 168 U.S. 532, 542-43 (1897). See also *Kastigar v. United States*, 406 U.S. 441 (1972); cf. *United States v. Hubbell*, 530 U.S. 27 (2000). When it is alleged that fundamental rights have been waived, the Supreme Court has suggested that courts should use a strict standard and "indulge in every reasonable presumption against waiver . . ." *Brewer v. William*, 430 U.S. 387, 404 (1977).

Given the unique circumstances of this case, where oral or written statements by Mr. Delgado-Gomez may have been obtained in Colombia, and international investigation may be necessary to inquire into these issues, and overseas depositions may even be required, the Government should be required to provide this discovery, which is Rule 16's first and most basic requirement, as codified in Fed. R. Crim. P. 16(a)(1)(A) & (B), within 7 days of any court order, together with notice of the Government's intention to introduce or use such statements, so that the defense may adequately investigate this matter, obtain authorizations and schedule depositions as warranted, and an evidentiary hearing can be held in advance of trial.

Accordingly, Defendant Carlos Delgado-Gomez moves this Court to schedule a pretrial hearing to determine the admissibility of any statements by him that the Government intends to introduce, and to ensure that all illegally obtained statements will be suppressed from this trial.

WHEREFORE, Defendant prays that this motion be granted.

Respectfully submitted,

_____/s/_____
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT DELGADO-GOMEZ'S MOTION TO SUPPRESS STATEMENTS is being served upon counsel for the United States, Department of Justice Trial Attorney Patrick H. Hearn, Esq., as well as upon counsel for each of Mr. Delgado-Gomez's co-defendants, through the Electronic Case Filing system.

This 12th day of August, 2008.

_____/s/_____
Gregory S. Smith