UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | |
| CARLOS DELGADO-GOMEZ ) | NO. 05-CR-342-10 (RCL) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO
PERMIT USE OF DEFENDANT CARLOS DELGADO-GOMEZ'S STATEMENT**

Less than 48 hours after this Court issued its August 15, 2008 Order establishing a series of firm discovery deadlines in this case, the Government has already petitioned this Court for relief from one of its deadlines. *See* Government's Motion to Permit Use of Defendant Carlos Delgado-Gomes's Statement [236]. The Government's Motion should be summarily denied.

In an effort to try to paint this Court's latest Order as somehow unfair, the Government describes this situation as one in which this Court issued an August 15 Order stating that the Government may not use any defendants' statements unless the statement had been produced by August 15. Motion, at 1. The Government thus tries to suggest it was caught unawares by this Order. But the Government's background description of this issue is incomplete.

In reality, as was discussed at the August 14, 2008 Status Conference, an earlier deadline for the disclosure of all defendants' statements had already passed more than two months ago. As Howard Katzoff, counsel for Co-Defendant Gerardo Tobon-Rojas, noted during oral argument, this Court previously advised the Government on the record at an April 16, 2008 Status Conference that it must produce all defendants' statements to defense counsel by June 12, 2008. On June 12, 2008 the Government reported that it had no such statements.

1

Undersigned counsel was not present at these Status Conferences in April and June, and was only appointed to this case a few weeks ago. Unaware of this background, and the fact that the Government was already out of time to produce defendants' statements, undersigned counsel asked Government counsel for any statements of his client, as he would naturally do in any case, especially when he came to believe that such a statement might exist. Following this inquiry, the Government then advised that it had located a statement of Mr. Delgado-Gomez.

At the Status Conference on August 14, 2008 Government counsel advised that it had just found this statement, and described unusual efforts that included reaching out to an agent who had moved to Bogota. While undersigned counsel does not recall the specific words used, the Government indicated that it had this statement in its possession and would produce it promptly.

That night, after the Status Conference, undersigned counsel sent Government counsel a follow-up e-mail, referencing this statement of Mr. Delgado-Gomez, which at that time still had not been produced. The statement was not produced that night or on Friday, August 15. It was e-mailed to defense counsel Saturday, August 16, after the Government saw this Court's Order of August 15, and realized that it had missed the deadline for its production – for a second time.

When a copy of Mr. Delgado-Gomez's statement was finally produced, its contents were striking. This report of Mr. Delgado-Gomez's post-arrest statement was not a written summary prepared by Colombian arresting authorities, but by the DEA itself, on a standard DEA-6 form, written in English. Even more striking are the names on the form. DEA Special Agent Rob Zachariasiewicz, who signed this report on August 23, 2006, notes how DEA Special Agent Carl Beckett also participated in the interview. *See* Exhibit A. In the Government's "Power Point" document produced in discovery in this case, Zachariasiewicz and Beckett are *the only two Goivernment witnesses identified*; Zachariasiewicz is listed as based in *Virginia*. *See* Exhibit B.

It is stunning that Mr. Delgado-Gomez's post-arrest statement, also signed by DEA Group Supervisor Brian Dodd on September 6, 2006, was not produced for almost two years, and was found only after a suggestion had to be made by defense counsel that a statement may exist.

This Court did not know these facts, but was clearly aware, at the time it issued its Order, of the Government's past productions and its representation that a statement of Mr. Delgado-Gomez was in its possession. It surely could have written a different Order, carving out an exception for Mr. Delgado-Gomez's statement, and authorizing its use at trial. But this Court apparently wanted to make clear to the Government that discovery obligations matter. This was evidence in the Government's possession that was *already overdue*. Not only was it Rule 16 material that should have been produced long ago, but also it had been specifically ordered to be produced by June 12, 2008. In short, this was "hot" evidence that the Government should have known it was sitting on, and failing to promptly produce at its peril. There was no reason for the Government to delay at all in making this production once it got the evidence. Yet almost two more days passed, even as an e-mail reminder from undersigned counsel went unheeded.

The terms of this Court's August 15, 2008 Order could not be more clear or unequivocal: **"At trial, the government may not use in its case-in-chief any prior statement of a defendant if that statement has not already been produced to defense counsel as of today's date."** *See* Order, at 2 (emphasis added). The Government does not claim any ambiguity in this language. Instead, the Government suggests that the Order's terms should be ignored because the defense has not shown prejudice from the delay in the statement's production. If the Government's motion is granted, it will no doubt become only the first of many such requests.

This Court has direct authority pursuant to Fed. R. Crim. P. 16(d), as well as its inherent supervisory powers, to regulate discovery and sanction non-compliance. This Court's August

15, 2008 Order was an effort to tangibly exercise that authority, following a series of discovery problems. Its terms were reasonable, essentially granting the Government an extension of time to produce defendants' statements that were already months past due. For reasons that are not apparent, the Government delayed its production. Now, it essentially seeks another extension. It gives no explanation why this DEA-6 taken by its lead agents was not produced long ago. The Government fails to justify its motion, and granting the relief it seeks would only tell the Government that the discovery deadlines in this case do not really matter.

The Government's Motion makes plain that it believes that the "prejudice" standard, which would ordinarily apply in the *absence* of any discovery order, can be counted on to trump the August 15 Order's mandates, essentially rendering its provisions meaningless. This Court should not start down that path. If this Court truly wants its mandates followed, its decision is not a difficult one. It need only state the obvious – that its August 15 Order means what it says.

WHEREFORE, Defendant Delgado-Gomez prays that the Government's Motion to Permit Use of Defendant Carlos Delgado-Gomez's Statement [236] be denied.

Respectfully submitted,

/s/
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO PERMIT USE OF DEFENDANT CARLOS DELGADO-GOMEZ'S STATEMENT is being served upon the United States, through U.S. Department of Justice Trial Attorney Patrick H. Hearn, and on counsel for all co-defendants, through the Electronic Case Filing system. This 18th day of August, 2008.

/s/
Gregory S. Smith