UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALVARO SERRANO )<br>ARCHBOLD-MANNER, *et al.*, )<br>)<br>Defendants. )<br>) | Criminal Action No. 05-342 (RCL)<br><br>FILED<br>AUG 1 5 2008<br>Clerk, U.S. District and<br>Bankruptcy Courts |

### ORDER

Now before the Court comes several discovery issues and related motions as this case approaches trial. On August 14, 2008, the Court held a motions hearing on these issues. Upon consideration of the parties' oral representations, defendants' motions, the government's responses thereto, the entire record herein, and applicable law, the Court hereby ORDERS as follows:

A.  **SPECIFIC DISCOVERY DEADLINES**

   1.  Defendants'[1] motion [188] to compel production of wiretap calls is GRANTED. The government shall, no later than September 1, 2008, produce all telephone calls that it intends to use at trial along with certified original language and English transcripts.

---

[1] At the motions hearing, each defendant agreed to adopt the motions of his co-defendants unless he specifically opted-out. Therefore, the Court will not identify the motions as pertaining to specific defendants unless such reference is particularly helpful.

2. The government shall, no later than September 1, 2008, produce any lab tests or other documentation that it intends to use to prove that seized evidence was cocaine. This documentation must be accompanied with clear instructions regarding how defense counsel can verify the accuracy of the tests.

3. The government shall, no later than September 8, 2008, produce any physical evidence that it intends to use at trial.

4. The government shall, no later than September 8, 2008, provide the identity of any law enforcement agent who took witness statements in this matter. If the government has a specific basis for withholding this information for a particular agent, the government shall indicate that basis to the Court no later than September 8, 2008. A basis related to the generally assumed violent nature of cocaine-trafficking will be insufficient to justify non-disclosure.

5. At trial, the government may not use in its case-in-chief any prior statement of a defendant if that statement has not already been produced to defense counsel as of today's date.

B.    **OTHER DISCOVERY ISSUES**

1. Defendants' motion [169] for a standing order that all prior statements of witnesses be provided to defendant in original language is GRANTED. Original

language and English transcripts must also be provided.

2. Defendants' motion [170] for a standing order that the government obtain all prior statements of witnesses that may be located overseas so that they may be disclosed pursuant to 18 U.S.C. § 3500 is GRANTED. The government must, in good-faith, make every effort possible to obtain prior witness statements and notes of witness interviews from overseas. Failure to do so may result in exclusion of the pertinent witness testimony.

3. Defendants' motion [171] to require the government to make available at trial law enforcement agents who investigated the case is GRANTED. Any person who took witness statements must be here and available at the time of production of the witness statement

4. Defendants' motions [172] to require early disclosure of information regarding confidential informant witnesses, special employee witnesses, and cooperating criminals; [193] for timely disclosure of identity of informants; and, [194] for timely disclosure of impeaching evidence and *Jencks* material are DENIED to the extent that they request early disclosure of information. Defendants' motion [227] to compel disclosure of information regarding confidential informants, witnesses, and cooperating criminals is GRANTED in part. The government shall, no later than the Thursday before it intends to call an informant or cooperating witness,

disclose the witness's identity and prior statements of the witness along with any evidence of criminal record. It shall be the government's obligation to seek and obtain this information from the United States, Interpol, and the authorities of Colombia. The government shall also seek and obtain this information from other countries as appropriate if records of the United States, Interpol, or Colombia so indicate. Given the international nature of this case and the government's desire to withhold the identity of these witnesses until just before trial, it is the government's—not defendants'—duty to locate such records. Additionally, the government shall produce prior false testimony, prior inconsistent statements, prior misconduct, consideration given to the witness, investigation files, or other impeaching evidence to the extent required by *Brady*, *Lewis*, and *Giglio*.

5. Defendants' motion [175] to produce a schematic of interrelatedness of conspiracy is DENIED. However, the government, in its discretion, may wish to provide such a schematic. The Court, when assessing defendants' motions to dismiss, will consider the extent to which the government has provided information sufficient for defendants to adequately evaluate the case against them and to prepare an adequate defense.

6. Defendants' motion [187] to order mandated missing discovery is GRANTED in part and DENIED in part. The government shall set forth specific responses to each of defendants' requested discovery items no later than August 22, 2008. At

that time, defendants may renew their motion for mandated missing discovery as to the specific government responses to which defendants object. The government shall also file specific responses to defendant Delgado-Gomez's (10) motion [230] for pretrial discovery no later than August 22, 2008.

7. The government shall respond to defendant Murillo-Lenis' (2) motion [225] to provide notice of intent to use evidence of prior arrests, convictions, or bad acts no later than August 22, 2008.

8. Defendant Murillo-Lenis's (2) motions [213] and [228] to adopt motions filed on behalf of co-defendants, and defendant Delgado-Gomez's (10) motion [218] to adopt and conform co-defendants' pretrial motions are GRANTED.

9. Defendant Perez-Rincon's (24) motion [155] for discovery and bill of particulars is GRANTED in part and DENIED in part. Defendant's request for discovery is granted to the extent that the request is consistent with the Court's Orders outlined above. Defendant's request for a bill of particulars is DENIED. While the Court will not specifically order the government to produce a bill of particulars, any failure to state the alleged charges with precision will be taken into account when the Court considers defendants' motions to dismiss.

C.   **CONCLUDING MATTERS**

1. Failure to comply with any of the deadlines or directions listed in this ORDER will result in the government's inability to use the relevant evidence at trial.

2. The government shall, no later than September 1, 2008, file updated proposed trial groupings for this case. Any defendant response will be due no later than September 8, 2008. Final trial groupings will be set at the next status conference.

3. Any defendant's motion pending as of today's date that the Court did not specifically reference above and to which the government has not yet filed a response shall be responded to no later than August 29, 2008.

4. In light of the extensive docket in this case, when referencing previously filed motions, the parties' filings shall refer to them by Docket Number consistent with the manner in which this Order refers to motions by name and number.

5.  The Court will hold a status conference in this case on September 12, 2008, at 2:30 p.m.

SO ORDERED.

*Royce C. Lamberth*            8/15/08

Chief Judge Royce C. Lamberth            Date

Case 1:05-cr-00342-RCL    Document 238    Filed 08/15/2008    Page 8 of 8