**UNITED STATES DISTRICT COURT**
**FOR THE  DISTRICT OF COLUMBIA**


| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Case No.  05-342-10 (RCL) |
| | ) |
| **CARLOS DELGADO-GOMEZ** | ) |
| **a.k.a. "Carlanga" (10)** | ) |
| | ) |
| Defendant**.** | ) |
| _____ | ) |


**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S**
**MOTION TO PERMIT USE OF DEFENDANT CARLOS DELGADO-GOMEZ'S**
**STATEMENT**

The United States, through its attorney, Patrick H. Hearn, Trial Attorney, Narcotic and

Dangerous Drug Section, United States Department of Justice, respectfully submits this response

to Defendant's Opposition to Government's Motion to Permit Use of Defendant Carlos Delgado-

Gomez's ("Delgado") Statement.

In his Opposition to the Government's Motion to Permit Use of Defendant Carlos

Delgado-Gomez's Statement [237], defendant Delgado argues that the Government should be

precluded from using defendant Delgado's statement at trial because the Government failed to

comply with the Court's August 15, 2008 Order to produce the statement by the deadline

imposed - August 15, 2008.  In support of this contention, defendant Delgado contends that the

Government already disregarded an earlier deadline of June 12, 2008, thereby warranting

preclusion of defendant Delgado's statement.  However, because the Government's failure to

comply with the Court's August 15, 2008 Order was due to lack of notification of the deadline -

not bad faith or willful failure to comply with the Court's Order - the Government should not be

precluded from using defendant Delgado's statement at trial.

It is axiomatic that, if a party fails to comply with Rule 16 of the Federal Rules of

Criminal Procedure, the trial court has broad discretion to preclude the introduction of said

evidence at trial.  See Fed. R. Crim. Proc. 16(d)(2)(C); United States v. Day, 524 F.3d 1361,

1367 (D.C. Cir. May 9, 2008) (trial court has broad discretion regarding the admission or

exclusion of evidence subsequent to a party's failure to comply with the rules of discovery);

United States v. Douglas, 862 F.Supp. 521, 524 (D.D.C. 1994), aff'd 70 F.3d 638 (1995), cert.

denied 516 U.S. 1098 (1996) (same); see also United States v. Lathern, 488 F.3d 1043, 1046

(D.C. Cir. 2007) (district court's decision regarding admissibility of evidence is reviewed for

abuse of discretion).   However, " Rule 16 of the Federal Rules of Criminal Procedure does not

require the Court to take any action even in the face of a clear violation."  United States v.

Naegele, 2007 WL 274752, * 2 (D.D.C. 2007) (unpublished), citing United States v. Hammoud,

381 F.3d 316, 336 (4th Cir. 2004).  Indeed, in Douglas, the Court held:

> "'Relief for violations of discovery rules lies within the discretion of the trial court.'
> United States v. Rodriguez, 799 F.2d 649, 652 (11th Cir.1986). Accord Northrop v.
> McDonnell Douglas, 751 F.2d 395, 399 (D.C. Cir.1984) (deferring to trial court's
> discretion in discovery sanctions). The trial court's discretion, however, is influenced by a
> principle of restraint. The court should impose the 'least severe sanction necessary to
> ensure prompt and complete compliance with its discovery orders.' United States v.
> Turner, 871 F.2d 1574, 1580 (11th Cir.1989), cert. denied, 493 U.S. 997, 110 S.Ct. 552,
> 107 L.Ed.2d 548 (1989). See generally United States v. Euceda-Hernandez, 768 F.2d
> 1307, 1312 (11th Cir.1985).  Mindful of this principle, the court evaluates four factors:
> (1) the reason for the violation (delay), (2) any bad faith by the violating party, (3)
> whether the defendant suffered any prejudice, and (4) the feasibility of curing the
> prejudice with a continuance."

862 F.Supp. at 524-525.

Contrary to defendant Delgado's contention, and the Court's intent, preclusion of

Delgado's statement is not the appropriate sanction under the circumstances at issue here.  Unlike

those cases in which preclusion of evidence has been upheld on appeal, the Government's failure

to comply with the Court's August 15, 2008 Order was neither willful nor motivated by a desire

to obtain a tactical advantage at trial.  See Taylor v. Illinois, 484 U.S. 400, 415-416 (1988)

(defendant's "willful and blatant" failure to identify a witness in response to a pretrial discovery

request resulted in preclusion of the witness's testimony).  Rather, as described in detail in its

Motion to Permit Use of Defendant Carlos Delgado-Gomez's Statement [236], the Government

complied with the Court's order the same day that the Government became aware of said Order -

August 16, 2008.[1]    As such, there was a good reason for the one-day delay, and the Government

did not act in bad faith in failing to comply with the Court's August 15, 2008 Order.

Accordingly, preclusion of the statement is not the appropriate sanction in this instance.  See

Douglas, 862 F.Supp. at 525 (discovery sanction was not warranted where the government had

not acted in bad faith).

        Moreover, defendant Delgado has not suffered any substantial prejudice as a result of the

one-day delay in producing the statement.  See United States v. McCrory, 930 F.2d 63, 70 (D.C.

Cir. 1991) (finding that reversal was not warranted due to Government's failure to comply with

reciprocal discovery order because defendant did not suffer any prejudice to his "substantial

rights.").  Indeed, defendant Delgado has not sought any other sanction, such as a continuance.

---

[1]  The Court is aware that, due to an error with the ECF system, Chief Judge Lamberth's August 15, 2008 Order was not processed.  Although efforts were made to reach the prosecutor by telephone and electronic mail, he did not become aware of the Court's efforts until the following day, Saturday, August 16, 2008.  As such, the prosecutor did not receive notification of the deadline set forth in the August 15, 2008 Order until the following day.  Upon notification, the prosecutor complied with the Court's Order within hours.

Instead, defendant Delgado only seeks to preclude the admission of the statement at trial, a

request that "belies any claim of prejudice" to the defendant.  Douglas, 862 F.Supp. at 526.

(government's failure to disclose a videotape and audiotape did not warrant preclusion of said

evidence where there was no prejudice to the defendant, especially where defense counsel's

failure to request a continuance belied "any claim of prejudice" to the defendant).  As the

prosecutor explained at the hearing on August 14, 2008, the Government complied with the

Court's June 12, 2008 order to disclose all co-defendant statements to the best of its ability at that

time.  The prosecutor was not made aware of defendant Delgado's statement until he spoke with

defendant Delgado's newly appointed counsel in late July 2008 - well after the June 12, 2008

deadline was imposed by the Court on April 16, 2008. Despite the prosecutor's belief to the

contrary, defense counsel insisted that his client had given a statement to Drug Enforcement

Administration ("DEA") agents shortly after his arrest.[2]   As a result, the Government contacted

various DEA agents to ascertain whether defendant Delgado had given a statement.  Upon

learning that an agent had taken such a statement, the Government obtained a copy of the report

pertaining to the statement.  That report was produced by Government counsel within 48 hours of

its receipt.  Thus, because defense counsel notified the Government of the existence of defendant

Delgado's statement, defendant Delgado cannot claim that he has been prejudiced by the fact that

---

[2]  Contrary to defense counsel's assertions, there is a reasonable explanation for the
prosecutor's lack of knowledge regarding the existence of defendant Delgado's statement.  DEA
agents were under the belief that they told the prosecutor about an interview with defendant
Delgado, and thus the prosecutor was aware of this statement and the existence of the DEA-6
report.  However, the DEA-6 report of the statement was inadvertently misfiled by DEA agents
in Colombia (having been placed in a file under a different investigation name), thereby
contributing to the misunderstanding between the prosecutor and the DEA agents about the
existence of the statement.

the statement was produced on August 16, 2008 rather than August 15, 2008. Furthermore, when

the prosecutor communicated with defense counsel in an effort to produce the report of the

statement, defense counsel inquired why we were still trying to comply with the Court's Order,

noting that it was already past the deadline. This reaction by defense counsel illustrates that his

client suffers no prejudice in the less than one-day delay. As noted above, it was the defense

attorney who notified the Government of the existence of the statement, a statement the

defendant undoubtedly informed his counsel that he had made. Discovery is an on-going

obligation and the prosecutor is required to comply with Rule 16 whenever it can, regardless

whether it can eventually use the evidence at trial. Unfortunately, defense counsel's reaction to

the Government's attempts to comply with its discovery obligation demonstrates that he is trying

to use Rule 16 as a "sword" instead of a "shield." There is no evidence that the Government

employed gamesmanship in its disclosure of this statement. In fact, the record shows that the

Government made every attempt to comply with the Court's Order. Absent any showing of bad

faith on the part of the Government, and the lack of any prejudice caused by the defendant, the

Government requests that the Court not employ the sanction of precluding the use of the

defendant's voluntary statement due to its technical violation of the Court's August 15, 2008

Order.

    The defendant has failed to establish good cause for exclusion, has failed to establish that

he has been prejudiced by the disclosure, and has failed to establish that alternative remedies,

short of exclusion, are insufficient to cure any alleged prejudice. Accordingly, this Court should

exercise its discretion and deny the defendant's request to exclude his statement.

**Conclusion**

For all of the foregoing reasons, the Government respectfully requests that the Court

permit the government to seek to use Carlos Delgado-Gomez's statement in its case in chief.

Dated: August 20, 2008

Respectfully submitted
WAYNE RAABE, Acting Chief
Narcotics and Dangerous Drug Section


 /s/
Patrick H. Hearn
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.  20005
(202) 305-7606
 patrick.hearn@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby submit that, on this 20th day of August, 2008, a copy of the foregoing

Government's Reply to Defendant's Opposition to Government's Motion to Permit Use of

Defendant Carlos Delgado-Gomez's Statement was filed electronically with the Clerk of the

Court and served on all counsel of record through the Electronic Case Filing System

/s/

Patrick H. Hearn
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.  20005
(202) 305-7606
patrick.hearn@usdoj.gov