UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CR. NO. 05-342 (RCL) |
| ) | |
| CARLOS DELGADO-GOMEZ, et al. ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT DELGADO-GOMEZ'S PERFECTED MOTION TO DISMISS

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby opposes defendant Carlos Delgado Gomez's motion to dismiss his indictment for lack of venue.  Delgado-Gomez adopts two motions to dismiss filed by his co-defendants: (1) the motion to dismiss filed by defendant Gareth Daviton Lewis (Docket Entry # 112); and (2) the motion to dismiss for lack of venue filed by defendant Juan Eduardo Perez-Rincon (Docket Entry # 181).  Mot. at 2.  In addition, Delgado-Gomez claims that venue is improper in this district because his co-defendant Lewis is a United States citizen and another co-defendant, Gerardo Juan Eduardo Tobon-Rojas, "is a permanent legal resident, with a formal INS file." *Ibid.*  Defendant Delgado-Gomez misapprehends the requirements of 18 U.S.C. § 3238 and established case law.  Accordingly, his arguments are without merit and his motion to dismiss should be denied.

FACTS AND PROCEDURAL HISTORY

On September 14, 2005, a grand jury first returned a two-count indictment in this case against Alvaro Serrano Archbold-Manner, Jesus Antonio Murillo-Lenis, and Ranfer Manuel Rios-Mercado.  Delgado-Gomez was first indicted in the superseding indictment on January 3, 2006, which charged him with one count of conspiracy to violate 21 U.S.C. § 959 (Count 1), and one substantive violation of § 959, which occurred on or about July 22, 2005 (Count 2).  On April 18, 2006, the grand jury issued a second superseding indictment, which charged Deglado-Gomez with three additional substantive counts: Count 3 (distribution on or about July 21, 2006); Count 5 (distribution on or about March 7, 2006); and Count 6 (distribution on or about March 24, 2006).   On January 24, 2008, Delgado-Gomez was extradited from Colombia  – his country of citizenship and residence.

ARGUMENT

The Government incorporates its prior pleadings on venue, including its opposition to Lewis' motion to dismiss (Docket Entry #133) and its opposition to Perez-Rincon's motion to dismiss for lack of venue (Docket Entry #217).  Venue is appropriate in this district for Count 1, the conspiracy count, under 18 U.S.C. § 3238; venue is likewise appropriate for Counts 3, 5, and 6 for substantive violations of 21 U.S.C. § 959 under the venue provision in § 959(c).

A.   Venue in This District is Constitutional

Article III, § 2, cl. 3 of the United States Constitution provides that "the trial of all crimes shall be held in the state where the said crimes shall have been committed; *but when not committed within any State, the trial shall be at such place or places as the Congress may by law have directed*." U.S. Const. art. III, § 2, cl. 3 (emphasis added).   The Sixth Amendment

similarly provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. Amend. VI (the "vicinage clause").  Once it is determined that an offense is extraterritorial, however, the Sixth Amendment's vicinage clause has no application.  *Cook v. United States*, 138 U.S. 157, 183 (1891). With respect to an extraterritorial offense, Article III, § 2, cl. 3 "impose[s] no restriction as to the place of trial, except that trial cannot occur until congress designates the place, and may occur at any place which shall have been designated by congress previous to the trial."  *Id.* at 182; *see Reid v. Covert*, 354 U.S. 1, 7-8 (1957) (given its "obvious meaning, § 2 is applicable to criminal trials outside of the States as a group without regard to where the offense is committed or the trial held").

   Again, the crime charged in the instant indictment is extraterritorial – the conspiracy and all the charged substantive counts occurred outside the United States.  Therefore, Congress has the Constitutional authority to designate venue, which it has done through 21 U.S.C. § 959(c) and 18 U.S.C. § 3238.  The mere fact that there may be some connection to the United States does not render venue unconstitutional.  *See United States v. Torres-Garcia,* 2007 WL 1207204 at *7 (D.D.C. 2007) (applying § 3238 even where significant domestic overt acts were alleged). Ultimately, Delgado-Gomez essentially argues that the existence of United States telephone numbers in a seized satellite telephone, Mot. at 2, is enough to deprive Congress of its Constitutional authority to fix venue for a crime that was committed wholly outside the United States.  His argument is untenable and unsupported by case law.

B.     Venue in this District is Proper Under 18 U.S.C. § 3238

To summarize the Government's arguments from prior pleadings, 18 U.S.C. § 3238 codifies Congress' Constitutional authority to establish venue for crimes that occur outside the United States by creating two clauses that must be read in the disjunctive. *United States v. Gurr*, 471 F.3d 144, 155 (D.C. Cir. 2006), *cert denied*, 127 S.Ct. 2146 (2007). Under § 3238, the defendant can be indicted in the district where he is "first brought," 18 U.S.C. § 3238, by which courts agree "Congress had restraint in mind." *United States v. Erdos*, 474 F.2d 157, 160 (4th Cir. 1973). Alternatively, the Government can indict prospectively in the District of Columbia – before the person is brought to the United States – so long as none of the defendants have a known residence in the United States. 18 U.S.C. § 3238. *Gurr*, 471 F.3d at 155.

Delgado-Gomez focuses on one portion of § 3238 – the phrase "the district of last known residence of the offender or of any one of two or more joint offenders" – and claims that venue is improper because defendant Lewis is a United States citizen and defendant Tobon-Rojas is a legal resident "with a formal INS file." Mot. at 2. Of course, neither of these allegations establishes a "last known residence," but simply a legal entitlement to reside in the United States. The two concepts are not synonymous, and § 3238 noticeably does not premise venue on citizenship or immigration status. S*ee Guessefeldt v. McGrath*, 342 U.S. 308, 312 (1952) (residence, for purposes of Trading with the Enemy Act of 1917, 50 U.S.C.App. § 2(a) (1990), "implies something more than mere physical presence and something less than domicile").

At the hearing on this issue, Delgado-Gomez argued that the statute plainly states "last known residence"; therefore, the fact that the co-defendants have a legal ability to reside in the United States requires the Government to *disprove* that it had a known residence for the co-

4

defendants. Delgado-Gomez provides no support for his argument, and the Government is aware of none. In any event, the Government reiterates that it is unaware of any specific residence for these two defendants. Lewis, although a U.S. citizen, is a resident of Jamaica, and Tobon-Rojas's immigration status expired in the 1970s.

Alternatively, Delgado-Gomez argued that the Government is required to indict defendants in the "last known residence" regardless of how long ago they actually lived at that residence. Again, he provides no support for either proposition, and the Government can find none. Indeed, in *United States v. Biao*, 51 F. Supp. 2d 1042 (C.D. Cal. 1999), the district court rejected a similar argument, holding that: "The problem with this interpretation is that some nexus beyond any connection to the particular district, at any time, is required." *Id.* at 1045. As the district court in *Biao* reasonably held, "[t]here is a point when the connection between the offender and the district of last known residence becomes too attenuated to support venue in that district." *Ibid.* As a matter of common sense, the court's hypothetical in *Biao* is compelling – "[n]o one would contend, for example, that a 30-year-old offender who was born and lived briefly in the Southern District of California, but moved permanently to Canada at the age of three, would be subject to venue in this district under the 'last known residence' provision." *Ibid.* Yet, that is precisely Delgado-Gomez's contention, without any analysis as to why this is a logical application of the statute.

Indeed, an examination of the statute's history establishes that Delgado-Gomez's interpretation is not reasonable. The clause at issue was adopted by Congress in 1963 to give the Government flexibility to indict fugitives or persons outside the country without facing statute of limitation problems. *See United States v. Layton*, 519 F.Supp. 942, 945 (N.D.Cal.1981).

Forcing the Government to indict a defendant in a district where a co-defendant has not resided in thirty years does not advance that purpose. Nor does it assist the defendant, because he has no actual ties to that residence. *Cf. ibid*. Moreover, Delgado-Gomez does not, and cannot, claim a Sixth Amendment right to be tried in the thirty-year old residence of a co-defendant. The vicinage clause does not apply in extraterritorial cases, *Cook*, 138 U.S. at 183, and even if it did apply, Delgado-Gomez cannot identify why trying *him* in the thirty-year old residence of a co-defendant would protect his vicinage rights. In sum, Delgado-Gomez's interpretation of "last known residence" is not a reasonable application of the statute.

   C. <u>Venue for the Substantive Counts is Proper Under 21 U.S.C. § 959(c)</u>

Delgado argues, in passing, that venue is improper for the substantive violations of § 959 because he "first entered" in Miami when he was extradited from Colombia. Mot. at 2.[1] As argued in more detail in the Government's opposition to Lewis' motion to dismiss, Docket Entry # 133, § 959(c) does not create a hierarchical structure. Venue is proper *either* in the place of entry or in the District of Columbia. These two options are on equal footing, at the discretion of the Government. 21 U.S.C. § 959(c). In any event, because Delgado-Gomez was already properly indicted in this district before he entered Miami, his argument is without merit.[2]

---

[1] Delgado-Gomez does not specify whether, on this issue, he is analyzing venue under 18 U.S.C. § 3238 or 21 U.S.C. § 959(c). If his argument relates to § 3238, it is clearly without merit, because he was indicted in this district before he entered the United States. *Gurr*, 471 F.3d 144, 155

[2] Although not dispositive here, Delgado-Gomez is incorrect when he uses the term "first entered." The statute does not include the word "first" to qualify the word "entry." 21 U.S.C. § 959(c).

D.     Venue May Properly Lie in Multiple Districts

Finally, Delgado-Gomez claims that the Government's "admission" that venue is proper in the Southern District of Florida means that venue is unconstitutional in this district. Mot. at 3. The Government has not "admitted" that venue is proper in the Southern District of Florida. Delgado-Gomez misapprehends both the Government's prior pleading and the case law on venue. First, use of the phrase "may be appropriate" is hardly an admission – it is the use of the present subjunctive tense that acknowledges only a possibility. In any event, as the Government noted in that pleading, the fact that venue "*may*" be proper in one district does not mean that venue is automatically improper in all other districts. To the contrary, venue is often proper in more than one district, especially in conspiracy cases. *See, e.g., United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979) ("The venue statutes are not mutually exclusive, and a suggestion that venue is proper under § 3237(a) will not serve to divest venue from another judicial district if venue is proper in that district under § 3238."). Thus, even if it were possible to sustain venue in the Southern District of Florida for Lewis, that does not make venue improper here.

## CONCLUSION

For the foregoing reasons, Delgado-Gomez's motion to dismiss for lack of venue should be denied.

Respectfully submitted,

Wayne C. Raabe, Acting Chief
Narcotic and Dangerous Drug Section

*//s// Teresa A. Wallbaum*
Teresa A. Wallbaum
Acting Deputy for Policy and Appeals
U.S. Department of Justice
Criminal Division
Narcotic and Dangerous Drug Section
August 22, 2008                                (202) 616-5193

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of August, 2008, a copy of the foregoing Government's Opposition to Defendant Delgado-Gomez's Perfected Motion to Dismiss was served electronically upon counsel of record.

*/s/ Teresa A. Wallbaum*
Teresa A. Wallbaum