UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Case No. 05-342-10 (RCL) |
| ) | |
| **CARLOS DELGADO-GOMEZ** ) | |
| a.k.a. "Carlanga" (10) ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO TO DEFENDANT'S MOTION TO RESCIND DECLARATION OF EXCLUDABLE TIME

The United States, through its attorney, Patrick H. Hearn, Trial Attorney, Narcotic and Dangerous Drug Section, United States Department of Justice, respectfully submits this response opposition to Defendant's Motion to Rescind Declaration of Excludable Time. The defendant in his motion alleges that the government made inaccurate statements in support of the government's motion to toll Speedy Trial time and is now hiding behind the literal obligations of FRCP Rule 16. Defendant's motion glosses over the amount of discovery produced to defendant and fails to discern the difference between discovery obligations and good faith efforts the government has undertaken to acquire discovery "not in its possession."

The discovery produced and soon to be produced supports the statements asserted by the government in its Motion to Declare the Case Complex and Waive Speedy Trial Time (Speedy Trial Waiver motion). The government has produced to the defendant hundreds of pages of transcripts from telephone calls and hundreds of hours of recorded calls all in Spanish and Patois.

Perhaps, the defendant has failed to review this discovery, but, upon review the defendant would be forced to concede this point.  Additionally, the government expects with the week from the Colombian government hundreds of pages from the prosecution case files related to this conspiracy and cocaine seizure.  Although, the government failed to produce english translations of telephone calls as promised that failure fails to support a basis that the government's assertions in the Speedy Trial Waiver motion are false.  In fact, it was the large number of calls and transcripts which the government reviewed for use at trial which caused the delay.  The Court's response establishing a September 1, 2008, deadline was the appropriate response not the remedy suggested by the defendant in his motion.

      The government's assertion of the requirements of FRCP Rule 16 in response to the defendant's attempt to expand the legal boundaries of the governments discovery obligations does not undermine the statements put forth by the government in its Speedy Trial Waiver motion.  The government has always intended to attempt all means to obtain foreign evidence in this case.  That was the government's intent when it filed the Speedy Trial Waiver motion and it is the government's intent to this day.  Indeed, asserting our obligations under FRCP Rule 16 does not vanquish the fact that the government has gone beyond those obligations, in its attempts to obtain foreign evidence, and may rely upon that fact in support of its Speedy Trial Waiver motion.

      Wherefore, the government respectfully requests, for the reasons set forth above, the Court deny Defendant's Motion to Rescind Declaration of Excludable Time.

Dated: August 22, 2008

        Respectfully submitted

        WAYNE RAABE, Acting Chief
        Narcotics and Dangerous Drug Section


        /s/
        Patrick H. Hearn
        Trial Attorney
        Narcotics and Dangerous Drug Section
        U.S. Department of Justice
        1400 New York Avenue, N.W.
        Washington, D.C.  20005
        (202) 305-7606


**CERTIFICATE OF SERVICE**

    I hereby certified that a copy of the forgoing Motion and Proposed Order was served upon Greg Smith, attorney for Carlos Delgado Gomez on August 22, 2008, via ECF

        /s/
        Patrick H. Hearn
        Trial Attorney
        U.S. Department of Justice