UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLOS DELGADO-GOMEZ )<br>a.k.a. "Carlanga" (10) )<br>)<br>Defendant. )<br>_____) | Criminal Case No. 05-342-10 (RCL) |

GOVERNMENT'S REPLY TO DEFENDANT'S MOTION TO
SEVER DEFENDANTS FOR TRIAL

The United States, through its attorney, Patrick H. Hearn, Trial Attorney, Narcotic and Dangerous Drug Section, United States Department of Justice, respectfully submits this response to Defendant's Motion to Sever Defendants for trial.

Defendant is indicted in a six count superseding indictment. He is charged, along with many other defendants, in counts 1, 2, 3, 5, and 6. The indictment effectively charges a major conspiracy to smuggle cocaine from Colombia to the United States. The evidence as to all counts consists primarily of judicially intercepted telephone calls, evidence from seizures, and coconspirator testimony.

Pursuant to Federal Rules of Criminal Procedure 8, the indictment may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense. Under

Fed. R. Crim. P. 14(a), the court may sever defendants for trial if the joinder appears to prejudice a defendant. Generally, the question of whether to grant a severance is left within the discretion of the trial court, but there is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534 (1993). The court should grant severance only if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. Joint trials are particularly favored where the "charges require presentation of the same evidence, testimony of the same witnesses, and involve defendants who are charged with participating in the same alleged acts." United States v. Sutton, 801 F.2d 1346, 1365 (D.C.Cir. 1986); United States v. Wills, 1990 WL 64856, *2 (D.C,Cir, May 16, 1990) (per curiam) (unpub.).

The D.C. Circuit has expressed a strong preference for joinder of conspiracy charges and defendants. United States v. Edelin, 118 F. Supp. 2d 36, 40 (D.D.C. 2000). See United States v. Richardson, 167 F.3d 621, 624 (D.C. Cir. 1999), quoting United States v. Ford, 870 F.2d 729, 731 (D.C. Cir. 1989). This preference reflects the sound policy of joinder where charges may be proven with substantially the same evidence. Edelin, 118 F. Supp. at 40.

Joint trials are also preferred for judicial efficiency and consistent verdicts. Buchanan v. Kentucky, 483 U.S. 402, 418 (1987). ("In joint trials, the jury obtains amore complete view of all the acts underlying the charges than would be possible in separate trials. From such a perspective, it may be able to arrive more reliably at its conclusions regarding the guilt or innocence of a particular defendant and to assign fairly the

respective responsibilities of each defendant in sentencing."). The Supreme Court has stated that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 113 S.Ct. 933, 937 (1993) (mutually antagonistic defenses did not require severance). That is because joint trials promote judicial efficiency and help protect against the unfairness of inconsistent verdicts. Id. at 937. This is especially true when defendants are charged with committing the same crimes and the evidence will largely be the same.

     The defendants in this case were properly joined based on their concerted participation in the charged conspiracy. Joinder is proper where the defendants are alleged to have participated in the same series of acts constituting the lead offense. United States v. Colatriano, 624 F.2d 686, 688 (5th Cir. 1980); United States v. Heck, 499 F.2d 778, 789 (9th Cir.) (defendants properly joined who participated in a conspiracy and assault on federal officials), cert. denied, 419 U.S. 1088 (1974); United States v. Becker, 569 F.2d 951, 964 (5th Cir.) (defendants were properly joined where they were charged with conspiracy to defraud, wire fraud, and interstate transportation of checks), cert. denied, 439 U.S. 865 (1978).

     A trial judge has wide discretion in determining severance. United States v. Butler, 922 F.2d 1191, 1196 (D.C. Cir. 1987). One of the main factors the Court should consider in making a severance determination is to insure the judicial system's strong and legitimate interest in efficient and expeditious proceedings. United States v. Long, 905 F.2d 1572 (D.C. Cir. 1990). Joinder of counts and defendants is designed to promote judicial economy and efficiency by avoiding multiple trials, where that can be accomplished without substantial prejudice to the rights of the defendant to a fair trial.

Bruton v. United States, 391 U.S. 123, 131 n.6 (1968). Factors the court should consider include: (1) the presentation of the same evidence; (2) testimony from the same witnesses; and (3) the same illegal acts. United States v. Manner, 997 F.2d 317 (D.C. Cir. 1989); United States v. Tarantino, 946 F. 2d 1384 (D.C. Cir. 1988).

Generally, persons charged in a conspiracy should be tried together. E.g., United States v. Boyd, 610 F.2d 521 (8th Cir. 1979), cert. denied, 444 U.S. 1089 (1980). "Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991). Furthermore, severance is not required or favored even when all co-conspirators are not charged in every substantive count of the indictment, Schaffer v. United States, 362 U.S. 511, 512-513 (1960); United States v. Leach, 613 F.2d 1295, 1303 (5th Cir. 1980), or when the charged co-conspirators did not participate in all phases of the conspiracy. Blumenthal v. United States, 332 U.S. 539, 556-557 (1947); Leach, supra, 613 F.2d at 1299. There is no mandate that severance be granted if one defendant's role was smaller or less important than another's. United States v. Nersesian, 824 F.2d 1294 (2d Cir. 1987); United States v. Ianniello, 621 F. Supp. 1455, 1477-78 (S.D.N.Y. 1985), aff'd, 808 F.2d 84 (2d Cir. 1986), cert. denied, 483 U.S. 106 (1987) (fact that defendant plays minor role in a conspiracy does not entitle him to severance). Where the court instructs the jury about the limited admissibility of co-conspirator statements and to consider each count and the evidence against each defendant separately, severance is not required. United States v. Cuesta, 597 F.2d 903 (5th Cir.), cert. denied, 444 U.S. 964 (1979).

In United States v. Persico, 621 F. Supp. 842 (S.D.N.Y. 1985), the court set forth three justifications for denying severance in a complex RICO case which are equally

applicable in this case: (1) A joint trial permits the jury to hear a comprehensive presentation of the entire enterprise and roles played by each participant; (2) A joint trial prevents delays of separate successive trials serving the interests of the government and the defendant; and (3) A joint trial promotes the safety of the witnesses who would be called at successive trials to repeat their testimony. Id. at 852.

The defendant bears the burden of proving prejudicial joinder under Fed. R. Crim. P. 14(b). United States v. Spitler, 800 F.2d 1267 (4th Cir. 1986). In making this determination, the Court must balance the risk of prejudice to the defendant against the interest in judicial economy. Butler, supra, 822 F.2d at 1194. However, the risk of prejudice must be compelling. United States v. Cross, 928 F.2d 1030 (11th Cir. 1991). The test for determining "compelling prejudice" is the jury's ability to follow the trial court's instruction and separate evidence relating to each defendant. United States v. Cross, 928 F.2d at 1030; see also United States v. Leavitt, 878 F.2d 1329 (11th Cir. 1989). With the Court's careful instructions, the jury will be able to separate the defendants' charges from those against other co-conspirators. Id.; United States v. Dellacroce, 625 F.Supp. 1387, 1392 (E.D.N.Y. 1986).

Here the evidence will show that the defendants are charged with participating in the same alleged acts, and further, that if the defendants were tried separately, essentially the same evidence and the same witnesses would be used at each trial.  Thus, a joint trial of these defendants is favored and warranted under the law.  There is  no indication that any of the defendants or this particular defendant will present "conflicting and irreconcilable defenses", which might be grounds for a severance.  United States v. Wright, 783 F.2d 1091, 1093 (D.C.Cir. 1986).  A defendant has the burden of showing

that a conflict is so prejudicial that differences are irreconcilable and that the jury will unjustifiably infer that the conflict shows that all codefendants are guilty.  United States v. Caldwell, 543 F.2d 1333 (D.C.Cir. 1974), cert. denied,  423 U.S. 1087 (1976). There has been no proof of such a conflict, and at this point, there is no basis for severing these defendants.

      For all of the foregoing reasons, the Government respectfully requests that the Court deny the motion to sever defendants for trial.

      Dated: August 22, 2008

                                        Respectfully submitted
                                        WAYNE RAABE, Acting Chief
                                        Narcotics and Dangerous Drug Section

                                         /s/
                                        Patrick H. Hearn
                                        Trial Attorney
                                        Narcotics and Dangerous Drug Section
                                        U.S. Department of Justice
                                        1400 New York Avenue, N.W.
                                        Washington, D.C.  20005
                                        (202) 305-7606
                                         patrick.hearn@usdoj.gov

CERTIFICATE OF SERVICE

I hereby submit that, on this 20th day of August, 2008, a copy of the foregoing Government's Reply to Defendant's Motion to Sever Defendants for Trial was filed electronically with the Clerk of the Court and served on all counsel of record through the Electronic Case Filing System

/s/
Patrick H. Hearn
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 305-7606
patrick.hearn@usdoj.gov