UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Case No. 05-342-10 (RCL) |
| ) | |
| **CARLOS DELGADO-GOMEZ** ) | |
| a.k.a. "Carlanga" (10) ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### GOVERNMENT'S REPLY TO DEFENDANT'S MOTION TO SUPPRESS STATEMENT

The United States, through its attorney, Patrick H. Hearn, Trial Attorney, Narcotic and Dangerous Drug Section, United States Department of Justice, respectfully submits this response to Defendant's Motion to Suppress Defendant Carlos Delgado-Gomez's ("Delgado") Statement.

On August 16, 2006, shortly after 4 a.m., defendant was arrested in Barranquilla, Colombia, by the Colombian Military Police. At about 2 p.m. on that same day, defendant was interviewed by agents with the Drug Enforcement Administration. The defendant, at that time, gave a statement which was highly probative of the nature and existence of the conspiracy. Defendant, a Spanish speaker, was orally advised in Spanish of the Miranda rights. *Miranda v. Arizona,* 384 U.S. 436 (1966). He waived those rights and agreed to answer the agents' questions. No threats or promises were made to the defendant.

In essence, defendant acknowledged knowing certain of his indicted co-defendants indicted in this case and implicated them in the conspiracy. Defendant stated that he had an

associate in Guatemala who was seeking to buy 500 kilograms of cocaine in Colombia and that the Guatemalan associate sought to have Delgado as a partner in the deal. Delgado stated that one of the co-conspirators was also supposed to be involved in the deal. Delgado stated that the negotiations fell apart because that co-conspirator kept putting the deal off. Delgado stated that that same individual lost a large maritime shipment of cocaine, a shipment that another co-conspirator known to Delgado was involved was also participating in.

Delgado is not a United States citizen but was a resident of, if not a citizen of, Colombia. It is not entirely clear the agents were even required to advise Delgado of the Miranda rights. But see *Chavez v. Martin,* 538 U.S. 760 (2002) (plurality opinion); *United States v. Verdugo-Urquidez,* 494 U.S. 259, 264 (1990); *United States v. Bin Laden,* 126 F.Supp.2d 264 (S.D.N.Y. 2000). These cases can be read to indicate the Fifth Amendment will protect any person the United States has committed to prosecuting, regardless of nationality. *Verdugo,* 494 U.S. at 264; *Bin Laden,* 132 F.Supp.2d at 183. But regardless of whether the agents were required to advise Delgado of the Miranda rights, he was so advised. He was orally advised of the Miranda rights in his native language by a Spanish speaking DEA agent, and he waived those rights and agreed to answer the agents' questions.

In addition to the warning and waiver requirements of *Miranda,* the government must also show that Delgado's statement was made voluntarily before it can be admitted into evidence. *Malloy v. Hogan,* 378 U.S. 1 (1964). There is no evidence that any coercion occurred by foreign authorities or by the agents of the DEA. The agents' testimony will lead to the conclusion that Delgado's statements were made knowingly and voluntarily, without any threat or coercion, and the government will be able to show such by a preponderance of the evidence. *Lego v. Twomey,*

404 U.S. 477 (1972).

**Conclusion**

For all of the foregoing reasons, the Government respectfully requests that the Court deny the motion to suppress Delgado-Gomez's statements.

Dated: August 20, 2008

                                            Respectfully submitted
                                            WAYNE RAABE, Acting Chief
                                            Narcotics and Dangerous Drug Section

                                            /s/_____
                                            Patrick H. Hearn
                                            Trial Attorney
                                            Narcotics and Dangerous Drug Section
                                            U.S. Department of Justice
                                            1400 New York Avenue, N.W.
                                            Washington, D.C.  20005
                                            (202) 305-7606
                                            patrick.hearn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby submit that, on this 20th day of August, 2008, a copy of the foregoing Government's Reply to Defendant's Motion to Suppress Defendant Carlos Delgado-Gomez's Statement was filed electronically with the Clerk of the Court and served on all counsel of record through the Electronic Case Filing System

                                                  /s/
                                                  Patrick H. Hearn
                                                  Trial Attorney
                                                  Narcotics and Dangerous Drug Section
                                                  U.S. Department of Justice
                                                  1400 New York Avenue, N.W.
                                                  Washington, D.C. 20005
                                                  (202) 305-7606
                                                  patrick.hearn@usdoj.gov