UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | |
| CARLOS DELGADO-GOMEZ ) | NO. 05-CR-342-10 (RCL) |
| ) | |

### DEFENDANT DELGADO GOMEZ'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

NOW COMES Defendant CARLOS DELGADO-GOMEZ, by and through undersigned counsel, and files this Reply Brief in support of his perfected Motion to Dismiss.

The Government's argument that the Constitution grants discretion over venue to Congress in cases involving extraterritorial crimes, while true, begs the question of whether this case in fact is one involving extraterritorial crimes. The Government does not deny that overt acts such as telephone calls were made in furtherance of its charged offenses, and it has already acknowledged that venue for this crime may be appropriate in the Southern District of Florida. In short, to use the Government's own words, this is not a situation involving Congress' "Constitutional authority to fix venue for a crime that was *committed wholly outside the United States.*" See Gov't Brief [240], at 3 (emphasis added). Since the allegations are that parts of these crimes were committed in, and can be connected to a particular state, Article III, § 2, cl. 3 requires that the trial be held "in the state where the said crimes shall have been committed."

Even if the Constitution's limits can be overcome, at a minimum the conspiracy charge in Count One must be dismissed due to the Government's failure to comply with 18 U.S.C. § 3238. First, the Government completely fails to address the fact that its Third Superseding Indictment was filed *after* Mr. Delgado-Gomez entered the United States at a location in a district other than

1

this one. More importantly, the Government's arguments concerning the second tier of § 3238's three-part hierarchy are wholly unpersuasive. The Government claims that Mr. Delgado-Gomez provides no support for this argument that the Government must *disprove* that a co-defendant had a last-known residence in the United States, and claims that it knows of no such authority. Gov't Opposition Brief [240] at 4-5. But it is black-letter law that the Government has the burden of proof to establish proper venue by a preponderance of the evidence. *See, e.g.*, United States v. Lam Kwong-Wah, 924 F.2d 298, 301 (D.C. Cir. 1992).[1] It is difficult to fathom what this burden could possibly mean if it does not require the Government to establish compliance with the terms of the applicable venue statute. The Government has failed to meet that burden here – to establish that it may properly use the third prong of § 3238's three-part hierarchy. Mr. Delgado-Gomez has no burden, but he has nevertheless affirmatively pointed out that his co-defendant Mr. Lewis is a U.S. citizen, and his co-defendant Mr. Tobon-Rojas is a lawful U.S. permanent resident. It is simply inconceivable that the U.S. Government's official files contain no last known address on either. Significantly here, the Government does not represent to this Court that its files contain no last known address on either of these co-defendants of Mr. Delgado-Gomez; nor does it offer to turn over the INS file on Mr. Tobon-Rojas so that this Court can make that determination itself. It makes no representations at all, and its burden to establish that the third prong of § 3238 can be utilized remains unmet.

Instead, the Government essentially argues that § 3238 does not really mean what it says. It claims that a 30-year old address cannot count as a "last known address."[2] Of course, the

---

[1] As noted in his initial brief, Mr. Delgado-Gomez raises and preserves the argument that the proper legal standard on venue should actually require the Government to establish proper venue beyond a reasonable doubt.

[2] Again, the Government says Mr. Delgado-Gomez offered no support for this proposition, and "the Government is aware of none." One wonders how the Government can make such an assertion in the face of black-letter law that the plain meaning of a statute ordinarily controls. Mr. Delgado-Gomez's argument is simple: "last" means "last." If

Government never actually asserts that its last known addresses for both Messrs. Lewis and Tobon-Rojas are actually 30 years old; in truth, we have no idea how old they are. Instead, the Government apparently wants this Court to *assume* that fact, with *no foundation*, and then to also *rewrite* § 3238 so that its "last known residence" language reads "a recent known residence."

In support of this argument, the Government cites a single case from another district, United States v. Biao, 51 F. Supp. 2d 1042 (S.D. Cal. 1999). But the district judge in Biao found that venue under the *first* prong of § 3238's three-part hierarchy had been met, so its discussion of the second prong of § 3238's three-part hierarchy is mere dicta.[3] Indeed, the Government's need to cite Biao reveals just how weak and desperate its venue arguments really are. What Biao actually *held* was that the Government's filing of a *superseding* indictment *after* the defendant had been "first brought" to the United States *meant that venue was proper in the district where he had been first brought*, since the first prong of § 3238's three-part hierarchy applied. In other words, applying the Biao rule to the instant case would mean that venue over Count One of the Third Superseding Indictment would be proper as to Mr. Delgado-Gomez in the Southern District of Florida, where he was "first brought." Essentially the Government is asking this Court to ignore Biao's discussion of the first prong of § 3238's three-part hierarchy (its holding) and then follow Biao's discussion of the second prong of § 3238's three-part hierarchy (its dicta). In short, Biao completely fails to meet the Government's burden of establishing proper venue over the conspiracy charge in the instant case.

---

the Government feels this interpretation is illogical or problematic, such that it fails to fully encompass the goals it says Congress was supposedly trying to promote 45 years ago in 1963, it can ask Congress to rewrite the statute.

[3] It is also unpersuasive. The district judge in Biao relied on a 24-year old 1975 A.L.R. Annotation for his finding that the plain meaning of the statute could be overridden by an unstated requirement of a "consistent, if somewhat transient, contact with an American 'home base.'" No such requirement is apparent in the statute, nor was any legislative history cited for this requirement. Moreover, the Government has not established that Messrs. Lewis and Tobon-Rojas had no such contacts here; it has declined to disclose what it knows about their U.S. residencies.

The plain language of § 3238 must be followed, not ignored. The Government has failed to meet its burden of demonstrating proper venue for its conspiracy charge, and Count One must be dismissed.

Finally, the Government fails to address the duplicity challenges to the substantive counts, which Mr. Delgado-Gomez adopted and argued. In its previous arguments against duplicity, the Government relied on cited case law establishing that a single count's charging of "multiple means" set forth in a criminal statute does not create duplicity concerns. But as noted in Mr. Delgado-Gomez's oral arguments, the issue here is not multiple means (actus reus), but two separate types of intent (mens rea) set forth in this statute.[4] A jury should not be allowed to split its vote on mens rea – the issue of *criminal intent* should *always* be unanimous. Each of the substantive counts contained in the Third Superseding Indictment are duplicitous, and the Government's opposition brief fails to address this important argument.

Respectfully submitted,

/s/
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT DELGADO-GOMEZ'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS is being served upon all counsel of record through the Electronic Case Filing system. This 1st day of September, 2008.

/s/
Gregory S. Smith

---

[4] As currently charged, the substantive counts would allow for convictions even if only half a jury felt that the Government had only established "knowledge" and the other half felt that the Government had only established a defendant's "belief" that the controlled substances would enter the United States.