UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | |
| Plaintiff, | ) | **OCT - 2 2008** |
| | ) | |
| v. | ) | NANCY MAYER WHITTINGTON, CLERK |
| | ) | U.S. DISTRICT COURT |
| ALVARO SERRANO | ) | **CRIMINAL NO. 05-342 (RCL)** |
| ARCHBOLD-MANNER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

I.    **INTRODUCTION**

Now before the Court comes defendant Delgado-Gomez's motion to rescind the declaration of excludable time [221] under the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A). Upon consideration of the defendant's motion and the government's opposition, the entire record herein, and applicable law, the defendant's motion is DENIED.

II.    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In addition to the Court's findings during the September 22, 2008 hearing that the trial date should be continued in the interests of justice, and the Court's previous order excluding time under the speedy trial act [142], the Court makes these further findings in support of its conclusion that the declaration of excludable time should not be rescinded and that the October 1, 2008 trial date should be continued:

1

1.   Approximately 10,000 Spanish language documents were turned over to the defendants approximately three weeks before the original October 1, 2008 trial date.  The documents were not translated and were too voluminous for defense counsel to review by October 1st and mount a competent defense.

2.   As of September 15, 2008, the government still had not identified the investigating witnesses that investigated the case in Colombia.  Without this information, the defendants could not mount a competent defense by October 1st.

3.   The case involves extensive wiretap evidence that must be transcribed and translated from Spanish and Patois into English.  As of September 15, 2008, the government had not transcribed and translated the calls in a way that complied with this Court's previous order.  In order for the defendants to have a full and fair opportunity to review this evidence, the trial had to be continued beyond the October 1st trial date.

4.   The case involves physical evidence that was tested by chemists in Colombia.  In order for the government to identify the chemists and for the defendants to have an opportunity to review their tests, both parties had to review Spanish language lab tests. This review was not accomplished by September 15, 2008.  As a result, the October 1st trial date could not proceed in the interests of justice.

5.   Because of the large number of defendants (approximately 25 who were

indicted and 11 who are currently pending trial), the parties must parse through a large amount of documentary evidence to determine what evidence, if any, applies to each particular defendant. Since this process was not complete as of September 15, 2008, the Court had no choice but to continue the October 1, 2008 trial date.

Pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court concludes that because of the above reasons, in addition to the reasons set forth in previous hearings and orders, the interests of justice outweigh the interests of the public and the interests of the defendants in a speedy trial. *See United States v. Edwards*, 627 F.2d 460, 462 (D.C. Cir. 1980) (per curiam) (stating that § 3161(h)(8)(A) clearly empowers a judge to grant a continuance on his own motion if the ends of justice so require and that § 3161(h)(8)(A) does not require that the reasons for a continuance be set forth at exactly the same time the continuance is granted). *See also United States v. Flood*, 462 F.Supp. 99 (D.D.C. 1978) (finding that the ends of justice outweigh the interests of the public and the defendants when the case is complex and it is unreasonable to expect adequate preparation within the periods established by law).

The government has stated that because of the complexity of the case, the voluminous documentary evidence, and the time needed to translate many of the documents, it cannot comply with its discovery obligations until the middle of October. In order to give the defense time to adequately prepare, the Court finds that the earliest that a trial can proceed in the interests of justice is December 1, 2008.

Defendant Delgado-Gomez argued in his August 12, 2008 motion that the declaration of excludable time should be rescinded because the government failed to produce many documents

3

that it had earlier claimed would make the case complex.  Although Delgado-Gomez's argument

appeared to have merit at the time, the government has since turned over massive amounts of

discovery materials.  Although the Court is mindful of the defendants' interest in a speedy trial,

the Court also observes that the only way that the defendants can avoid the "trial by ambush" that

they fear (Mot. to Rescind Excludable Time at 5) is to continue the trial date until at least

December 1st.


**III.   CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds that its decision to declare excludable

time is still in the best interests of justice and outweighs the public's and the defendants' interest

in a speedy trial.  Therefore, defendant Delgado-Gomez's motion to rescind the declaration of

excludable time [221] is DENIED.  The Court also concludes that the earliest possible trial date

at which the defendants could mount a competent defense is December 1.

SO ORDERED.


Royce C. Lamberth                    10/2/08

Chief Judge Royce C. Lamberth          Date