UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | |
| ALVARO SERRANO ) | CRIMINAL NO. 05-342 (RCL) |
| ARCHBOLD-MANNER, *et al.* ) | |
| Defendants. ) | |

FILED

OCT - 6 2008

Clerk, U.S. District and
Bankruptcy Courts

MEMORANDUM OPINION

I. INTRODUCTION

Now before the Court comes the government's motion [285] requesting an extension of dates for compliance with the Court's August 15th order. Upon consideration of the government's motion and the defendants' opposition [288], the reply, the entire record herein, and applicable law, the government's motion will be GRANTED.

II. BACKGROUND

The facts relevant to this motion were set out in this Court's recent order [280]. The brief synopsis is that the government had months and indeed years with regard to some defendants to meet their discovery obligations in this case. After the government strung the Court and the defendants along through numerous status conferences, the Court realized that the government was not prepared for trial and had not fulfilled many of its discovery obligations. Therefore, on

1

August 15, 2008, a month and a half before the case was set to go to trial, the Court ordered the government to provide defendants and their counsel with basic discovery items such as English translations of the wiretap evidence against them and the identities of the investigating officers who had taken witness statements. The Court warned that if the government did not comply it risked severe sanctions. Following the Court's order, the government dumped a massive amount of discovery (10,000 pages of untranslated documents in addition to other evidence) on the defendants three weeks before the case was set to go to trial. Yet despite the government's long-awaited flurry of discovery activity, it was still not able to comply with this Court's specific discovery directives.[1] As a result, the defendants moved to dismiss the indictment on due process grounds, and this Court held that dismissing the indictment was an inappropriate remedy because there was no evidence of bad faith on the part of the government [280]. The Court also held that in the interests of justice the trial had to be continued and that sanctions against the government would be considered. The government now requests an extension of time to comply with the deadlines set in the August 15, 2008 order, and the defendants request that the Court exclude any evidence that did not comply with the mandated discovery schedule.

### III. ANALYSIS

---

[1]The government did not comply with the directives that it: (1) Produce all telephone calls that it intends to use at trial along with certified original language and English transcripts (original September 1, 2008 deadline); (2) Produce any lab tests or other documentation that it intends to use to prove the seized evidence was cocaine along with clear instructions as to how defense counsel can verify the tests (original September 1 deadline); (3) Produce any physical evidence it intends to use at trial (original September 8, 2008 deadline); (4) Provide the identity of law enforcement agents who took witness statements in the matter (original September 8, 2008 deadline).

The defendants have asked for exclusion of various types of evidence because of the government's conduct. Yet the defendants do not cite a single case, rule, or statute in support of their argument. Presumably, the defendants are arguing for the Court to exclude evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure, which governs the evidence that the government is required to disclose to defendants in criminal trials. Among other things, Rule 16 requires the government to produce scientific tests and documents that are within the government's control and material to preparing the defense. Fed. R. Crim. P. 16(a)(1)(E–F); *United States v. Libby*, 429 F. Supp. 2d 1, 5 (D.D.C. 2006).

In this case, both the wiretapped calls and the lab tests of the seized evidence[2] were within the government's control and material to preparing the defense. The "control" prong of the Rule 16 test generally focuses on the fairness to the defendants rather than the semantics of whether or not the prosecutors actually hold the evidence at the time that it should be produced. *See Libby*, 429 F. Supp.2d at 5. In this case, the evidence should have been produced in fairness to the defendants.[3] The government has represented that it plans to use the wiretapped calls as

---

[2] The Court need not rule on whether the other types of evidence the government belatedly turned over are subject to Rule 16. For the reasons set forth in this opinion, even if this additional evidence is subject to the rule, the Court would not exclude it.

[3] The Court notes that the government did provide the defense with some of the evidence relating to the wiretapped calls before the original deadline. (Gov't's Reply at 2.) It appears that the defendants received most of the calls with Spanish transcripts (albeit not certified) well in advance of trial. (*Id.* at 6.) Most of the English translations were apparently produced before the original deadline as well. Nevertheless, the government fell far short of its burden in this case. The government is still attempting to secure certifications of all the transcripts as well as attempting to produce some additional calls to the defendants (*Id.* 7, 10.) More importantly, the government failed in its duty of candor to the Court. For example, the government informed the Court for the first time on October 3, 2008 that it does not have all of the calls on the wiretaps in its possession because some of the calls were destroyed by Colombian officials pursuant to Colombian law (*Id.* at 9.) This is in contrast to the government's previous assurances that all of

central pieces of its case in chief as well as argue that the materials seized were cocaine. Without translations of the wiretapped calls—apparently the key evidence in the government's case—the defendants and their counsel would stand trial virtually unaware of the evidence against them. In addition, without the lab tests, the defendants would have no way of disputing the government's contention that the seized material was cocaine. The fact that the evidence was originally seized by Colombian authorities is insufficient for the government to avoid Rule 16, particularly because the United States' recent evidence dump in response to the Court's order demonstrates that the discovery could have been obtained much earlier. In addition, because the wiretapped calls and lab tests apparently form the crux of the government's case, they are clearly material to the defense. *Id.* (Evidence is material to the defense if it "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.").

---

the calls had been provided to the defendants. For example, in one of their pleadings the defendants requested copies of all wiretap conversations (Def.'s Motion in support of missing discovery [187] at 8, filed July 21, 2008.) In response, the government stated: "Regarding items 1-7 related to the Colombian wiretap, *all calls and transcripts in Spanish,* to the best of the government's knowledge, have been provided" (Gov't's Response to Def.'s' Mot. [246] at 5, filed August 22, 2008) (emphasis added). In another pleading, the defendants complained that "it now has become apparent that we have not had all of the telephone calls, nor is it clear that we have 100% of the wiretapped telephone conversations now." (Mot. to Compel Production of Wiretap Calls [188], filed July 21, 2008.) In response, instead of being forthcoming about the reason that only a portion of the calls were produced, the government stated: The defendants "vaguely allege they do not currently have all available wiretap conversations, and that the government is being intentionally selective and filtering conversations it provides. The government has turned over all wiretap conversations and related evidence in its possession at this time. However, the government is unable to respond to these allegations without further detail as to what information is inconsistent and what conversations they believe are missing." (Gov't's Omnibus Response to Def.'s Pretrial Motions [216] at 21, filed August 11, 2008.) If the defendants had listened to the tapes that they did have and had brought this issue to the government's and the Court's attention much earlier perhaps everyone could have avoided this irksome discovery dispute, at least with respect to the missing calls.

Therefore, the Court concludes that at least some of the evidence that the government did not turn over in a timely manner is subject to Rule 16. Because the government did not turn it over in time for the defendants to adequately review it before trial, the government's conduct was a Rule 16 violation.

The "district court has wide discretion in imposing a sanction if it finds that Rule 16 has been violated." *United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998). The D.C. Circuit in *Marshall* specifically stated that a court may "grant a continuance; prohibit the violating party from introducing the evidence at issue; or enter such other order as it deems just under the circumstances." *Id.* (citing Fed. R. Crim. P. 16(d)(2)). The Circuit also stated that "a trial judge should impose the least severe sanction that will accomplish the desired result—prompt and full compliance with the court's discovery orders." *Id.*

Here, this Court did grant a continuance. "Ordinarily, a continuance is the preferred sanction for a discovery delay because it gives the defense time to alleviate any prejudice it may have suffered from the late disclosure." *Id.* Indeed, although the government's discovery disclosures were untimely, they were made in advance of trial and the defendants now have an opportunity to use the discovery in their defense. In addition, after repeated prodding from the Court and the defense the government has finally shown an interest in moving this case along. Therefore, although the Court came dangerously close to excluding the bulk of the government's evidence, it feels that exclusion of evidence—at this time—is inappropriate to get the government to fully comply with the Court's orders.

Nevertheless, while the Court will not grant the defendants the sanctions that they are requesting, the Court does believe that the government should be admonished for its conduct in

this case.[4] Quite simply, the government has not done its job. It did not provide the defendants with meaningful access to discovery until it was long overdue, it did not meet Court ordered discovery deadlines nor ask the Court for an extension of the deadlines until they had passed and the government was ordered to ask for an extension, and it did not move with the sense of urgency that it should have while untried defendants were sitting in jail awaiting trial. The Court has learned that it must watch over the government with heightened supervision to ensure that it performs even its most basic duties: providing defendants with discovery, preparing for trial, and meeting court ordered deadlines. Not only will the Court apply this lesson in this case, but it will apply this lesson in future drug conspiracy cases and view government assurances that it is making progress in providing discovery to defendants through a much more skeptical lens. This Court—and hopefully other courts in this district—will take note that the government had to be admonished because of its failure to conduct discovery in a professional manner.

In addition to embarrassing itself, the government has embarrassed this Court. Despite threats of exclusion or dismissal, the government did not comply with Court ordered discovery deadlines. The Court and the parties involved made an effort to proceed to trial on October 1st and cleared two months off of their calendars in preparation for this case, only to have their efforts foiled by a litany of government missteps. Yet because the government's actions did not rise to the level of bad faith and the defendants still have an opportunity to utilize the discovery materials, the Court must now admit that its earlier threats of exclusion have turned out to be hollow. As noted above, however, exclusion of the evidence is within the Court's discretion for

---

[4] The attorneys responsible for handling this case were part of the Narcotic and Dangerous Drug Section of the United States Department of Justice, Criminal Division.

Rule 16 violations. Keeping this in mind as this case unfolds, the Court will grant the government's motion for an extension of the dates to comply with discovery deadlines.

## IV.   CONCLUSION

For the reasons stated above, the government's motion [285] requesting an extension of dates for complying with the discovery deadlines will be GRANTED. The government must produce: (1) all telephone calls that it intends to use at trial along with certified original language and English transcripts by October 10, 2008; (2) any lab tests or other documentation that it intends to use to prove the seized evidence was cocaine by October 10, 2008. The documentation must be accompanied with clear instructions regarding how defense counsel can verify the accuracy of the tests; (3) Any physical evidence it intends to use at trial by October 10, 2008; (4) the identity of any law enforcement agent who took a witness statement in the matter or a specific basis for withholding that information by October 17, 2008.

A separate order shall issue this date.

SO ORDERED.

_Royce C. Lamberth_     _10/6/08_
Chief Judge Royce C. Lamberth         Date